IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02651-TLP-cgc |
| v. ) | |
| ) | |
| GERMANTOWN FIRE DEPARTMENT ) | |
| and LIEUTENANT N. SIGNAIGO of the ) | |
| Germantown Fire Department, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING PENDING MOTIONS AS MOOT**

Plaintiff Christopher N. Wieland sued Defendants Germantown Fire Department ("GFD") and Lieutenant. N. Signaigo ("Signaigo") in September 2022. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters. In November 2023, Defendants moved to dismiss Plaintiff's claims for lack subject matter jurisdiction. (ECF No. 13.)

Judge Claxton considered Defendants' motion and entered a Report and Recommendation ("R&R"). (ECF No. 29.) In her R&R, Judge Claxton recommends that this Court grant Defendants' motion to dismiss. (*See id.*) For the reasons below, the Court **ADOPTS** her R&R. As a result, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 13) and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

1

## BACKGROUND

Plaintiff's suit stems from his July 2022 encounter with the Germantown Police and Germantown Fire Department—both government entities in Shelby County, Tennessee. (ECF No. 1.) Plaintiff alleges that he spoke with Germantown Fire Department's crew for "roughly 45 minutes in front of the fire station" about "commonly occurring problems in the community." (*Id.* at PageID 2.) "The subject matter included police corruption, castrating dental sequences & cranial facial morphology, middle age women drugging male children, embezzlement, my litigious intent, and the natural technology of the human body." (*Id.*) Plaintiff alleges that his discussion with the crew aggravated Defendant Lieutenant N. Signaigo, "leading to a passive-aggressive retaliatory act of falsifying a police report and/or complaint." (*Id.*) Plaintiff claims that this interaction resulted in his arrest and transport by the Germantown Police Department[1] to a mental health institution, which led to "financial damages, physical damages, and punitive damages[.]" (*Id.* at PageID 3.)

As a result of these events, Plaintiff sued Defendants here. Plaintiff's complaint alleges violations of "18 U.S. Code § 1341, 25 CFR § 11.431, 18 U.S. Code § 287, 28 U.S. Code § 4101." (*Id.* at PageID 4.) He also lists these causes of action: "Falsifying & weaponizing a police report against my person, defamation in retaliation of free speech[.]" (*Id.* at PageID 1.) Defendants then moved to dismiss Plaintiff's complaint, arguing: (1) the Court lacks subject-matter jurisdiction; (2) Defendant GFD is not a separate legal entity subject to suit; (3) the claim against Defendant Signaigo is an official capacity claim which lacks factual support; and (4) Plaintiff did not serve Defendants with process. (*See* ECF No. 13.) Plaintiff failed to respond to

---

[1] Plaintiff sued the Germantown Police Department in a separate suit from the same incident. (Civ. No. 22-cv-02652.)

that motion timely. So Judge Claxton ordered Plaintiff to show cause "as to why the Court should not consider the Motion on the record before it" and recommend granting Defendants' motion. (ECF No. 24.) Again, Plaintiff failed to respond.

## THE R&R

After recounting the factual and procedural history here, Judge Claxton analyzed the parties' legal positions and recommended that this Court grant Defendants' motion to dismiss. (*See* ECF No. 29.) First, Judge Claxton correctly noted that federal courts must have subject matter jurisdiction over a plaintiff's claims before it can consider the merits of those claims. (*Id.* at PageID 108.) Federal courts have limited jurisdiction so they must at least have either federal question or diversity jurisdiction over the case. And Plaintiff—who brought this suit in federal court—bears the burden of proving that the Court has jurisdiction. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Because "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter[,]" Judge Claxton concludes that this Court lacks diversity jurisdiction. (*Id.* at PageID 109–10.) Judge Claxton also found that this Court lacks federal question jurisdiction because the statutes Plaintiff cites are federal criminal statutes that do not confer a private right of action for Plaintiff. (*Id.* at PageID 110.)

Judge Claxton correctly noted the legal standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at PageID 107.) She also pointed out that courts "liberally construe[]" pleadings by pro se litigants. (*Id.* at PageID 108.) Under that standard, Judge Claxton then addressed Plaintiff's complaint. At first, she notes that Plaintiff's allegations include "falsifying & weaponizing a police report against my person," and "defamation in retaliation of free speech." (*Id.* at PageID 112.) Because these allegations fail to state claims "under a viable legal theory[,]" and because "[n]one of the statutes or regulations stated by Plaintiff create a private

3

action by which relief can be granted[,]" Judge Claxton recommends dismissing the case under Rule 12(b)(6).[2]  (*See id.* at PageID 110–11.)

Judge Claxton then notes the correct legal standard for properly serving process on a defendant under Rule 12(b)(5).  (*Id.* at PageID 113.)  And because Plaintiff did not serve process on "Germantown's chief executive officer or to the City Attorney," Judge Claxton found that "service of process was insufficient."  (*Id.* at PageID 114.)  The Court next turns to consider Judge Claxton's R&R.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the determination of certain pretrial matters, including dismissal of an action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, then a district court reviews an R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Judge Claxton entered her R&R in late June 2023, and neither party

---

[2] Judge Claxton also notes that Plaintiff's suit against Defendants fails under existing 42 U.S.C. § 1983 procedural doctrine.  (ECF No. 29 at PageID 112–13.)  First, Defendant GFD is not a "person" separate from the City of Germantown under § 1983.  (*See id.*)  And Plaintiff has not alleged enough facts to sue Defendant Signaigo in his official capacity.  (*See id.*)

4

objected.³  And the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION

Finding no clear error, the Court agrees with Judge Claxton's R&R.

**I.     Plaintiff Failed to Meet his Burden of Showing Subject Matter Jurisdiction**

Plaintiff has not shown that this Court has subject-matter jurisdiction to hear his case. "Federal courts have subject-matter jurisdiction where there is complete diversity of citizenship." *Akno 1010 Mkt. St. St. Louis Mo LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citing 28 U.S.C. § 1332(a)).  And § 1331 "grants federal district courts subject-matter jurisdiction over all claims 'arising under' federal law." *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006).

As Judge Claxton noted, "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter." (ECF No. 29 at PageID 109.)  Section 1332 "authorizes a federal court to take diversity jurisdiction over a civil action only if the action is between 'citizens of different states.'" *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010).  Because Plaintiff does not allege the citizenship of the Parties in his complaint here, the Court agrees with Judge

---

³ After Judge Claxton entered her R&R, Plaintiff filed two documents.  The first is a "Motion to Initaite [sic] Criminal Investigation & Police Report," which "aims to compel" the Court to investigate Defendant Signaigo. (ECF No. 31.)  The second is a "Motion to Disqualify Opposing Counsel," in which Plaintiff argues that Defendant's counsel violated two of the American Bar Association's Model Rules of Professional Conduct. (*See* ECF No. 32.)  But neither filing objects to Judge Claxton's R&R.  At best, they are "objections disputing the correctness of the [magistrate judge's] recommendation but fail[] to specify the findings believed to be in error . . . ." *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  When that happens, the district court treats a party's objections as a general objection to the entire magistrate judge's report. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).  And "[a] general objection is considered the equivalent of failing to object entirely." *Id.*  Either way, the Court reviews the R&R for clear error.

Claxton that Plaintiff has failed "to overcome the presumption against federal subject matter jurisdiction by pleading an adequate basis for diversity jurisdiction." (ECF No. 26 at PageID 99) (citing *Farmer*, 386 F. App'x at 557).)

Plaintiff's citation of federal statutes to establish the Court's subject matter jurisdiction through federal question also fails. (*See* ECF No. at PageID 4 ("18 U.S. Code § 1341, 25 CFR § 11.431, 18 U.S. Code § 287, 28 U.S. Code § 4101").) Naming federal statutes that do not provide a private right of action does not automatically confer Article III standing.

Plaintiff has no Article III standing to sue using federal criminal statutes (18 U.S.C. § 287, 1341) because he is a private citizen, and "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another." *See Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021); *Saro v. Brown*, 11 F.App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.") (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Plaintiff may bring allegations of criminal behavior to his local police, the FBI, or another appropriate law enforcement agency, but only the government, in coordination with a law enforcement agency, may bring a criminal case. *See id.*

The lack of a private right of action dooms Plaintiff's case here. Twenty-five C.F.R. § 11.431 is part of a regulation that creates criminal offenses in the context of Indian Affairs. This regulation provides neither a civil remedy nor private right of action for a private citizen. *See Whitfield v. Cuyahoga Cnty Dep't of Child & Fam. Servs.*, 2021 WL 1634552 (N.D. Ohio Apr. 27, 2021). Likewise, 28 U.S.C. § 4101 merely defines "defamation" in the "context of when a federal court may recognize a foreign defamation judgment. It is not itself a private right of

action conferring federal question jurisdiction." *Parker v. Hankook Tire Mfg. Tenn., LP*, 2022 WL 4545120 (M.D. Tenn. Sept. 28, 2022).

As Judge Claxton explains, Plaintiff has "not alleged a private action to establish federal question," through these statutes. The Court therefore finds that Plaintiff failed to show Article III standing here.

## II. Plaintiff Failed to State a Claim Upon Which Relief can be Granted

The Court also agrees with Judge Claxton that Plaintiff's complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for such a failure. *See* Fed. R. Civ. P. 12(b)(6). And courts assess whether a complaint states a claim using standards from *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

> The Court agrees with Judge Claxton's analysis on this point:
>
> Plaintiff has made many allegations including "falsifying & weaponizing a police report against my person" and "defamation in retaliation of free speech." However, Plaintiff has failed to state any of these claims under a viable legal theory. None of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted. . . .
> Furthermore, Germantown Fire Department cannot be sued as a separate entity because "The Police Department and the Fire Department are only departments or agencies of the City, and they are not persons or autonomous government entities suable under § 1983 separate from the City."

(ECF No. 26 at PageID 101–02 (internal citations omitted)); *see also Bunch v. City of Chattanooga*, No. 1:07-cv-73, 2007 WL 9734290 (E.D. Tenn. June 27, 2007).

The Court also agrees with Judge Claxton that Plaintiff's complaint against Defendant Signaigo is against him in his official capacity. (ECF No. 29 at PageID 112.) Plaintiff named him as "Lieutenant N. Signaige [sic] of the Germantown Fire Department," and referred to Defendant Signaigo by his official title of "Lieutenant" or "Lt." (ECF No. 1 at PageID 1, 2, 4.) As Judge Claxton pointed out, Plaintiff—at best—may have a § 1983 claim against Defendant Signago and the City of Germantown. But she also correctly notes that "Plaintiff has not alleged sufficient facts to meet the elements of § 1983 as he has not alleged how the defendant's conduct deprived him of his rights secured under federal law." (ECF No. 29 at PageID 112–13.)

In short, the Court finds that Plaintiff failed to state a claim upon which relief can be granted.

## III.    Plaintiff's Service of Process was Insufficient

Finally, this Court agrees with Judge Claxton that dismissal here is proper under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). A court may dismiss a complaint for "insufficiency of service of process" under Rule 12(b)(5). Plaintiff has the burden to serve a defendant timely under Rule 4. *See* Fed. R. Civ. P. 4. "Courts may look to 'record evidence' and 'uncontroverted

8

affidavits' in determining whether plaintiffs have met this burden." *See Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015)).

Rule 4(j)(2) controls how a plaintiff should serve a state or local government like GFD here:

> A state, a municipal corporation, or any other state created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)–(B).

Defendant GFD, as a division of the city of Germantown, is a governmental organization in Tennessee. So under Federal Rule 4(j)(2)(B), Plaintiff may also serve process under Tennessee Rules of Civil Procedure Rule 4.04:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
> . . . .
>
> (8) Upon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney.

Tenn. R. Civ. P. 4.04(8).

Based on affidavits of Michael A. Palazzolo—the Mayor of Germantown, Tennessee, John R. McCarroll, III—the City Attorney for Germantown, and Defendant Signaigo, Judge Claxton found that Plaintiff failed to serve process properly. (*See* ECF No. 29 at PageID 113–14 (citing ECF Nos. 13-1, 13-2, 13-3).) Relying on those affidavits, Judge Claxton writes "at no time did any of these Defendants authorize, appoint, or grant permission to any City of Germantown employee to accept service of process on behalf of the City of Germantown." (*Id.*)

9

The Court agrees with Judge Claxton that Plaintiff did not properly serve process on Defendant under either the federal or Tennessee rules of civil procedure.

Rule 4(m) gives plaintiffs ninety days to serve process, but that Rule also allows courts to enlarge that time:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing Fed. R. Civ. P. 4(m)).  More than ninety days has passed since Plaintiff sued here, and he has not asked for an extension much less shown good cause for this failure.  But even if the Court gave him more time to serve Defendants, such service would be futile for the reasons discussed above.  And so the Court will not extend Plaintiff's time to serve Defendant with process, nor will it dismiss Plaintiff's action *without* prejudice.  *See Tagert v. Anakeesta, LLC*, No. 3:19-cv-294, 2021 WL 6427962, at *3 (E.D. Tenn. Aug. 25, 2021) (denying the plaintiff's motion to amend and motion for extension of service of process when the allegations in the plaintiff's proposed amended complaint did not cure jurisdictional defects).

## CONCLUSION

The Court has reviewed Judge Claxton's R&R for clear error and finds none.  And so, the Court **ADOPTS** the R&R, **GRANTS** Defendant's motion to dismiss, and **DISMISSES** Plaintiff's claims against Defendants Germantown Fire Department and Lieutenant N. Signaigo **WITH PREJUDICE**.  Because the Court dismisses the claims against Defendants now, the Court also **DENIES AS MOOT** Plaintiff's motions filed after Judge Claxton's R&R.

**SO ORDERED**, this 1st day of August, 2023.

                                              s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE